**\*NOT FOR PUBLICATION\***

# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX
# APPELLATE DIVISION

| | |
|---|---|
| **MARK L. MILLIGAN,** | ) D.C. Civ. App. No. 1999-0136 |
| | ) |
| Appellant, | ) Super. Ct. Case No.  SX-95-CV-698 |
| | ) |
| v. | ) |
| | ) |
| **DAHLIA KHODRA,** | ) |
| | ) |
| Appellee/Cross Appellant. | ) |
| _____ | ) |

On appeal from the Superior Court of the Virgin Islands
The Honorable Brenda J. Hollar, Judge Presiding

**Considered:** November 2, 2012
**Filed:** September 25, 2013

**BEFORE: WILMA A. LEWIS**, Chief Judge, District Court of the Virgin Islands; **CURTIS V. GÓMEZ**, Judge of the District Court of the Virgin Islands; and **JAMES S. CARROLL, III**, Judge of the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, sitting by designation.

**Appearances:**

**Mark L. Milligan, Esq.**
St. Croix, U.S. Virgin Islands
        Pro Se Appellant,

**Lee J. Rohn, Esq.**
St. Croix, U.S. Virgin Islands
        For the Appellee/Cross-Appellant.

# OPINION

**PER CURIAM.**

This appeal calls into question whether this Court or the Supreme Court of the Virgin Islands ("Supreme Court") may exercise jurisdiction over this matter. For the reasons set forth below, we will dismiss this appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of an action for debt and mortgage foreclosure originating from a divorce action. Mark Milligan ("Milligan" or "Appellant") owed Dahlia Khodra ("Khodra" or "Appellee") a balance of $41,635.00 in alimony. In lieu of a writ of execution, Milligan and Khodra negotiated a promissory note secured by a second priority mortgage on two properties on the island of St. Croix: (1) 28-A King Street, Christiansted, and (2) 198 Rosegate, Work & Rest, Christiansted. The mortgage deed that purportedly secured the note was neither attested nor acknowledged.

Milligan failed to pay the debt. On August 22, 1995, Khodra sued Milligan in the Superior Court of the Virgin Islands ("Superior Court") to foreclose on the mortgage. Khodra's two-count amended complaint sought foreclosure on both properties in satisfaction of the debt. (J.A. vol. I, 122-127.) Milligan asserted defenses including fraud, misrepresentation and illegality, and also challenged the mortgage and counterclaimed against Khodra for fraud, duress and usurious interest charges. Milligan also filed a claim against Vincent Murray and Evelyn Murray, the first priority mortgagees of Plot No. 198 Rosegate, Work and Rest. When the Murrays failed to respond, Milligan moved for default judgment against them.

On November 10, 1998, the Superior Court held that the mortgage was valid and enforceable and granted summary judgment of foreclosure in Khodra's favor. However, the trial court did not enter a monetary judgment, nor did the trial court rule on Milligan's pending motion for entry of default judgment. Milligan appealed and the trial court required him to pay a supersedeas appeal bond of $40,000.00 as security on the judgment. Khodra cross-appealed. Despite the pending appeals, the trial court issued writs of execution on the subject properties.

On September 30, 2004, upon review of the Superior Court's November 10, 1998 decision, this Court: (1) ruled that the mortgage intended to secure the note was invalid because it failed to meet the statutory requirements of attestation and acknowledgement; (2) quashed the writs of execution, because the trial court had not entered a monetary judgment; (3) quashed the supersedeas bond because it served as security for the monetary judgment; and (4) reversed and remanded to the Superior Court. The remand Order required the Superior Court to: (1) adjudge the amount of Khodra's recovery against Milligan on the unsecured promissory note; (2) make more specific findings regarding the proper rate of interest and Milligan's claims of usury; and (3) address Milligan's claim for entry of default against the first priority mortgage holders.

On June 8, 2012, the Superior Court addressed the issues on remand and made factual findings regarding the initial amount owed; the initial payments Milligan made on the debt; the applicable rate of interest; the installment payment schedule; when the payments were to commence; the installments Milligan made after the payment schedule was implemented; monies applied towards interest; and the unpaid balance as of the last payment date (November 6, 1995). The Superior Court calculated the total debt owed on the note as Sixty-Nine

*Milligan v. Khodra*
D.C. Civ. App. No. 1999-136
Opinion
Page 4

Thousand Eight Hundred Twenty-One Dollars and Sixty-Three Cents ($69,821.63) as of June 6, 2012.  The Superior Court did not make further factual findings on Milligan's usury and default judgment claims.

Milligan appealed the Superior Court's ruling to both the Supreme Court on July 2, 2012 and to this Court on July 6, 2012.  Milligan's appeal in this Court asserts that the Superior Court erred when it:  (1) calculated interest and the amount owed on the principal; (2) failed to make specific findings on his claims of usury; (3) failed to address his claim of entry of default; and (4) misapplied the law.

Thereafter, on July 20, 2012, the Supreme Court dismissed the appeal without prejudice on jurisdictional grounds, holding that, in the event the Appellate Division concludes that its September 30, 2004 Opinion and Order was a case remand, rather than a record remand, Milligan may refile his appeal in the Supreme Court.

**II. DISCUSSION**

This Court properly exercised jurisdiction over this matter in rendering its September 2004 decision.  After remand to the Superior Court, the issue presented now is whether the Appellate Division or the Supreme Court may exercise jurisdiction over this appeal.  More specifically, we address whether this Court's September 30, 2004 Order was a case remand or a record remand.

This Court has jurisdiction over appeals of final judgments and orders of the Superior Court filed before January 29, 2007, the date on which the Supreme Court was certified to

*Milligan v. Khodra*
D.C. Civ. App. No. 1999-136
Opinion
Page 5

officially assume appellate jurisdiction over the Superior Court. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a(d); *see also Joseph v. People of the V.I.*, 50 V.I. 873 (D.V.I. App. Div. 2008) (explaining the Appellate Division's jurisdiction through the date of certification of the Supreme Court), *aff'd,* 465 F. App'x 138 (3d Cir. 2012). In a remand context, a case remains pending before this Court if the remand was a record remand, meaning the record was returned to the Superior Court for a specific purpose, rather than a case remand, meaning the case was returned to the Superior Court for all remaining purposes. *See Hypolite v. Virgin Islands*, 51 V.I. 97, 102 (V.I. 2009) (per curiam); *see also Martinez v. Stridiron*, S. Ct. Civ. No. 2011-0014, 2011 WL 1483260, at *4-5 (V.I. Mar. 22, 2011) (discussing record remands and case remands).

In *Hodge v. McGowan*, S. Ct. Civ. No. 2007-057, 2008 WL 4924628, at *4 (V.I. Nov. 10, 2008), the Supreme Court addressed whether an Appellate Division remand was a case or record remand. The *Hodge* Court discussed the two types of remand as follows:

> In a record remand, [an appellate] court retains jurisdiction over the case, i.e., jurisdiction over the case remains with [the] court, but the record is returned to the trial court. In those circumstances, the trial court may be directed to clarify or amplify some portion of the record, to make additional findings, to hear further testimony, or to explain a ruling. The point of such a remand is to give the trial judge the opportunity to complete or clarify the record so that this court will have an adequate basis for review of the trial court's rulings. The trial court does not, however, have the authority to amend the ruling that is on appeal. . . . A "case" remand, on the other hand, returns the case to the trial court for all purposes. [The appellate] court retains no jurisdiction over the case and the appeal is terminated. If, after a case remand, a party is dissatisfied with the action of the trial court, the only course available to obtain review in [the appellate] court, is to file a new notice of appeal, once a final order or judgment is entered. That appeal is a new appeal, separate from the previous appeal that was terminated when the case was remanded.

*Id.* at *4 n.4. (citing *Bell v. U.S.*, 676 A.2d 37, 41 (D.C. 1996)). In *Hodge*, the Supreme Court held that the Appellate Division's 2006 remand was a case remand because this Court's 2006 remand order remanded the case on the remaining issues for a new trial, as opposed to a mere clarification of the record. *Id.; Cf. Simon v. Gov't of the Virgin Islands*, 679 F.3d 109, 113 (3d Cir. 2012) (holding *sua sponte* that the Appellate Division's remand was a record remand).[1]

Like *Hodge*, this Court's September 30, 2004, Order was a case remand. In September of 2004, this Court remanded the case at bar for the trial court to make "further determinations consistent with this opinion" on the remaining issues in the case including: (1) adjudging the amount of Khodra's recovery against Milligan on the unsecured promissory note; (2) making more specific findings regarding the proper rate of interest and Milligan's claims of usury; and (3) addressing Milligan's claim for entry of default against the first priority mortgage holders. These enumerated determinations comprised all of the outstanding issues in this case. The remanded issue of Milligan's outstanding claim for entry of default judgment called for both factual and legal determinations. As in *Hodge*, this Court made final rulings on certain issues and remanded the remaining issues of law and fact for the Superior Court to determine.

---

[1] In *Simon*, the Court of Appeals for the Third Circuit discussed whether an Appellate Division remand was a case or record remand, holding that:

> [T]he Appellate Division's remand to the Superior Court was for the specific purpose of determining whether a [Certificate of Probable Cause ("CPC")] should be issued. Once the CPC was issued, the Appellate Division received the appeal back again under the same appeal number. We conclude, therefore, that the remand was a record remand and that the Appellate Division kept jurisdiction of the appeal during the remand. It therefore had appellate jurisdiction over decisions rendered by the Territorial Court.

679 F.3d 109, 114 (3d Cir. 2012).

*Milligan v. Khodra*
D.C. Civ. App. No. 1999-136
Opinion
Page 7

Moreover, when this case was remanded to the Superior Court on September 30, 2004, the record reflects that this case was closed in this Court on that same date. When Milligan was dissatisfied with the Superior Court's June 8, 2012 decision, he took the proper course of action when he filed a new notice of appeal to the Supreme Court.

### III. CONCLUSION

For the reasons stated, this Court's September 30, 2004 remand was a case remand. Accordingly, this appeal will be dismissed for lack of jurisdiction. An appropriate Judgment accompanies this Opinion.